# In the
# United States Court of Appeals
## For the Second Circuit

_____

August Term, 2014

No. 14-941-cv

SEBRENA ROBINSON,
*Plaintiff-Appellant*,

*v.*

CONCENTRA HEALTH SERVICES, INC.,[1]
*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the District of Connecticut.
No. 3:11-cv-843 (MPS) — Michael P. Shea, *Judge*.

_____

Argued: February 4, 2015
Decided: March 24, 2015

_____

Before: PARKER, HALL, and LOHIER, *Circuit Judges*.

_____

  Appeal from a final judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*) granting summary judgment in favor of appellee. The district court held that appellant was judicially estopped from showing that she

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

was qualified for her position at the time she was terminated, which is an element of discriminatory discharge claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"), because she applied for, and received, Social Security disability benefits based on her statement that she was fully disabled as of a date prior to her termination. Because appellant has failed to proffer a sufficient explanation for the contradictory statements, we AFFIRM.

_____

> THOMAS W. BUCCI, Willinger, Willinger & Bucci, P.C., Bridgeport, CT, *for Plaintiff-Appellant Sebrena Robinson*.
>
> RACHEL REINGOLD MANDEL (Nicole S. Corvini, *on the brief*), Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Boston, MA, *for Defendant-Appellee Concentra Health Services, Inc.*

_____

BARRINGTON D. PARKER, *Circuit Judge*:

## BACKGROUND

Plaintiff-Appellant Sebrena Robinson worked for Concentra Health Services, Inc. ("Concentra") as a medical assistant from June 2003 until she was terminated on September 23, 2010. Robinson applied for Social Security disability benefits on September 27, 2010, four days after being terminated, on the ground that she had multiple sclerosis that rendered her disabled and unable to work. The initial application was denied by the Social Security Administration ("SSA"). On May 5, 2011, Robinson filed an appeal of the SSA's denial of benefits and requested a hearing before an

Administrative Law Judge ("ALJ"). Robinson, who was represented by counsel, appeared and testified at a hearing held on April 3, 2012.

On June 12, 2012, the ALJ reversed the SSA, concluding that Robinson was entitled to benefits because she had been fully disabled since June 14, 2010 due to her multiple sclerosis. In relevant part, the ALJ summarized Robinson's statements about her disability as follows:

- "The claimant is alleging disability since June 14, 2010." Joint App'x 297.
- "The claimant alleges that multiple sclerosis interferes with her ability to engage in basic work activities. Specifically, she testified at [the] hearing that [she] must use a cane to walk because of numbness in her legs. Her multiple sclerosis affects her vision, and she has poor vision in her left eye. The claimant's hands frequently cramp and she has difficulty holding objects. She needs help with all household chores." Joint App'x 300.
- "After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, and that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are generally credible." Joint App'x 300-301.

On May 23, 2011, Robinson filed this lawsuit against Concentra. In an amended complaint, Robinson brought claims under Title VII, 42 U.S.C. § 1981, and the Family and Medical Leave Act ("FMLA"). As relevant here, Robinson claimed that she had been terminated on the basis of her race and color and in retaliation for filing a complaint with the U.S. Equal Employment Opportunity

3

Commission and taking FMLA leave. Robinson also claimed that Concentra had interfered with her ability to take FMLA leave.

Concentra moved for summary judgment on all claims, arguing that Robinson was judicially estopped from showing that she was qualified for her position at the time she was terminated in September 2010, because she applied for, and received, Social Security disability benefits based on her statement that she was fully disabled as of June 2010. The district court agreed and granted summary judgment in favor of Concentra. Robinson appeals the grant of summary judgment on her Title VII and Section 1981 claims based on her race and color, but she does not appeal the dismissal of her FMLA or retaliation claims.[2]

## STANDARD OF REVIEW

This Court reviews summary judgment decisions *de novo*, "viewing the record in the light most favorable to the non-moving party." *Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007). For a court to grant summary judgment, the movant must "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

While it is true that a court is "required to resolve all ambiguities and draw all factual inferences in favor of the" nonmovant, *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n.*, 182 F.3d 157, 160 (2d Cir. 1999) (citation omitted), a plaintiff may not survive summary judgment merely by conjuring a hypothetical issue of material fact. "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a

---

[2] Robinson Br. 14 n.1 ("The plaintiff does not appeal from the district court's judgment on her FMLA claim to the extent it relies on the plaintiff failing to prove a violation of the federal FMLA"). *See id.* at 10-11.

genuine dispute of material fact. More specifically, it must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (internal citations and quotation marks omitted).

## DISCUSSION

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To overcome a motion for summary judgment under Title VII, a plaintiff must first satisfy an initial burden of "proving by the preponderance of the evidence a prima facie case of discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). Accordingly, the plaintiff must demonstrate that: (1) she fell within a protected class under Title VII; (2) she was qualified for the position she held; (3) she was subjected to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012).

Section 1981 provides, in pertinent part, that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). "This section thus outlaws discrimination with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship, such as employment . . . ." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 224 (2d Cir. 2004) (citation omitted). To the extent relevant here, the same "core substantive standards that apply to claims of discriminatory conduct in violation

of Title VII are also applicable to claims of discrimination in employment in violation of § 1981 . . . ." *Id.* at 225.

To qualify for Social Security disability benefits, a claimant must show she has a disability, defined, as relevant here, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Further, the impairment must be "of such severity that [the claimant] is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

At issue in this case is whether Robinson's application for, and receipt of, Social Security disability benefits on the ground that she is fully disabled due to multiple sclerosis, renders her unable to make a prima facie showing that she was qualified for the position she held at the time of termination. At the summary judgment stage, a plaintiff may satisfy this burden by showing that she "possesses the basic skills necessary for performance of [the] job." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 92 (2d Cir. 2001) (citation omitted).

Judicial estoppel "prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by [that party] in a prior legal proceeding." *Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1037 (2d Cir. 1993). "A party invoking judicial estoppel must show that (1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner, such as by rendering a favorable

judgment." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir. 1999) (internal citations omitted).

In *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795 (1999), the Supreme Court addressed the issue of judicial estoppel as to statements made in support of an application for Social Security disability benefits and subsequent claims brought under the Americans with Disabilities Act ("ADA"). The Supreme Court concluded that a successful disability application does not automatically preclude a later claim under the ADA, because a representation of complete disability in a Social Security proceeding is not necessarily contradicted by the same person's ADA claim that he could perform essential job functions with reasonable accommodation where the former proceeding did not consider the effect that reasonable workplace accommodations would have on the claimant's ability to work. *Id.* at 802-03. Nevertheless, the Court acknowledged that an "ADA plaintiff cannot simply ignore the apparent contradiction that arises out of the earlier . . . total disability claim," and held that in such circumstances, a plaintiff "must proffer a sufficient explanation" for the conflicting statements in order to survive summary judgment. *Id.* at 806.

As the district court noted in its decision in this case, "courts have applied the *Cleveland* analysis to other employment statutes, including the Age Discrimination and Employment Act, Title VII, and the FMLA, because . . . claims under such statutes generally require a showing that the [p]laintiff was qualified for the position." SA 23 (collecting cases). We agree with the district court that *Cleveland* provides the proper framework for evaluating whether judicial estoppel bars Robinson's Title VII and Section 1981 claims.

Robinson argues on appeal that "the [d]istrict [c]ourt indulged in impermissible inferences to conclude that the plaintiff must have

7

testified before the [ALJ] that she was totally disabled from performing the essential functions of the position of medical assistant." Robinson Br. 27. Because her "application for social security disability benefits has not been introduced into evidence," Robinson contends that "any discussion concerning the contents of the application is based on conjecture." *Id.* at 29. Additionally, Robinson claims that the district court impermissibly inferred from Robinson's August 2012 deposition testimony that she was fully disabled at the time of her termination, two years earlier. *See id.* at 36-37.

Robinson cannot survive a motion for summary judgment by raising "metaphysical doubt[s]" as to the contents of the completed disability application. *Brown*, 654 F.3d at 358. During discovery Concentra requested additional documentation concerning Robinson's application for social security disability benefits, including the completed application, and Robinson's counsel informed Concentra and the district court that she is not in possession of any additional documentation or information. Special App'x 3, 6, 15, 25. Thus, the only relevant evidence in this record is the ALJ's written decision and an August 2012 deposition taken of Robinson as part of this litigation, where she testified that she is fully disabled and unable to work. The district court carefully analyzed the ALJ's decision to determine what statements could be attributed to Robinson and relied, as do we, solely on those paragraphs. Additionally, the district court recognized the limited relevance of the August 2012 deposition, noting that "[b]y itself, plaintiff's statement in her deposition would be insufficient to establish her disability status at the time of her termination." Special App'x 32.

Furthermore, Robinson does not deny that she previously told the SSA and the ALJ that she was fully disabled as of June 2010, nor does she deny that such a statement is inconsistent with her current litigation position. Robinson's job as a medical assistant required her to work in both the 'front' at the reception desk and in the 'back' performing tasks like drug tests and assisting doctors with suturing, which she could not complete if she were fully disabled.

*Cleveland* also requires a plaintiff to "proffer a sufficient explanation" for the contradictory statements. The only explanation Robinson proffers is that she was, in fact, able to work at the time of her termination, because she continued to work at Concentra until September 2010, and sought additional work in the cosmetology and other fields. Although Robinson may have continued to work at Concentra until September 2010, this fact demonstrates only that her statements to the SSA and the ALJ may have been false, but does not sufficiently explain the contradiction between the statements and her current litigation position. As the Seventh Circuit has explained, a "plaintiff may not, simply by disavowing a prior claim of total disability, perform an about-face and assert that [s]he is a 'qualified individual' who is capable of working. Rather . . . the plaintiff must proceed from the premise that h[er] previous assertion of an inability to work was true, or that [s]he in good faith believed it to be true, and [s]he must demonstrate that the assertion was nonetheless consistent with h[er] ability to perform the essential functions of h[er] job." *Lee v. City of Salem*, 259 F.3d 667, 674 (7th Cir. 2001). Robinson has failed to do so.

## CONCLUSION

For these reasons, we AFFIRM the judgment of the district court.